**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARGARITA DOMINGUEZ
CALDERON,

    Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 08-70707

Agency No. A097-356-959

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    Margarita Dominguez Calderon, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her motion to reopen removal

proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen and de novo claims of due process violations in immigration proceedings, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Dominguez Calderon's motion to reopen as untimely because the motion was filed more than three years after the issuance of the December 30, 2003, in absentia order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and the evidence submitted with the motion to reopen failed to establish that Dominguez Calderon acted with the due diligence required to warrant tolling of the 180-day filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

We lack jurisdiction to review Dominguez Calderon's contentions that she is entitled to voluntary departure and that her case should be held in abeyance, because she failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**